## MITCHELL COAL & COKE CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. January 4, 1911.)

### No. 4.

CARRIERS (§ 36*)—DISCRIMINATION IN RATES—REBATE—REMEDIES—JURISDICTION,—INTERSTATE COMMERCE COMMISSION.

An action against a carrier for discrimination in rates and granting unlawful rebates to plaintiff's competitors, affecting not only the plaintiff, but other shippers in the same region, cannot be first instituted in a federal Circuit Court; the Interstate Commerce Commission having exclusive original jurisdiction to determine whether a regulation or a practice affecting rates or matters sought to be regulated by the interstate commerce act is unjust or unreasonable, unjustly discriminatory, preferential, or prejudicial, and this though the regulation or practice complained of had ceased.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 95; Dec. Dig. § 36.*]

Action by the Mitchell Coal & Coke Company against the Pennsylvania Railroad Company. On motion to dismiss for want of jurisdiction. Granted.

Joseph Gilfillan and George S. Graham, for plaintiff.
Francis I. Gowen and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. The facts of this case will be found in 181 Fed., at page 403. Since the opinion there reported was filed, the Court of Appeals for the Third Circuit has disposed of the

case referred to on page 410—Morrisdale Coal Company v. Pennsylvania Railroad Co. (C. C.) 176 Fed. 748—and has decided that:

"The Interstate Commerce Commission alone has original jurisdiction to determine whether an existing rate schedule, or an existing regulation or practice affecting rates, or an existing regulation or practice of any other kind affecting matters sought to be regulated by the act, is unjust or unreasonable, or unjustly discriminatory, or unduly preferential or prejudicial; and the courts cannot, by mandamus, injunction, or otherwise, control or modify any order of the commission, made by it in the due performance of its merely administrative functions."

In my opinion this decision requires me to sustain the pending motion to dismiss for want of jurisdiction. The suit is founded upon the defendant's practice of granting unlawful rebates to the plaintiff's competitors, and affects, not only the plaintiff, but other shippers in the same region. It was a regulation or practice affecting rates, and the fact that it may have ceased does not affect the primary jurisdiction of the Interstate Commerce Commission.

Neither is the court prevented from granting the motion by the facts (1) that the parties agreed to a hearing before a referee, and (2) that the motion was not made until after the referee had reported, and the court had heard argument upon objections to his report. Substantially the same situation was presented in the Morrisdale Case. There the suit had been tried before a jury and a verdict for the plaintiff had been rendered. The motion to dismiss was not made until after the defendant's rule for judgment notwithstanding the verdict had been argued and submitted to the court for determination. The reasons that influenced the Circuit Court and the Court of Appeals in the Morrisdale Case to hold that the commission has primary jurisdiction of such a controversy are equally influential here, and cannot be overcome by the fact that the parties, either expressly or impliedly, have agreed either to a jury trial or to a hearing before a referee in the first instance.

The motion is granted, and the suit is hereby dismissed for want of jurisdiction.